No. 34,859

THE STATE OF KANSAS, ex rel. TOM HARLEY, County Attorney, *Appellant*, v. E. R. HARNESS and CHARLES LEONARD, *Appellees*.

(105 P. 2d 885)

Opinion filed October 5, 1940.

*Jay S. Parker*, attorney general, *Tom Harley*, county attorney, *Robert H. Nelson, Harold A. Zelinkoff, Grey Dresie, J. Ashford Manka* and *Dean L. Lachenmyer*, deputy county attorneys, for the appellant.

*Charles B. Hudson* and *Roger P. Almond*, both of Wichita, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: The county attorney of Sedgwick county brought the action in the name of the state to abate and perpetually enjoin the maintenance of an intoxicating-liquor nuisance in certain property described in the petition. The petition charged the maintenance of a nuisance as defined by our statute, G. S. 1935, 21-2130, and upon the filing of the petition a temporary injunction was issued. The answer of defendants was a general denial.

The matter came on for hearing on the application for a permanent injunction. At the close of the evidence the record sets forth the following colloquy between the court and counsel:

"The Court: 'Well, I think the court would be justified in making a finding that Mr. McGuire purchased liquor out there and that by a preponderance of the evidence there was the maintenance of a liquor nuisance at that place. It is very indefinite. We don't know who the man was that sold it.'

"Further by the Court: 'I think there is evidence that Mr. McGuire purchased liquor there, but I don't think the state has proven by a preponderance of the evidence that the operator knew anything about it. Mr. Harness, you haven't shown any knowledge on his part, and Mr. Leonard says he doesn't know anything about it, but I think I am justified in finding that somebody

sold two whisky sours and a bottle of liquor in that place that night. Now, is that sufficient to make out a case for an injunction?'

"Counsel for state: 'Well, an injunction in rem, Your Honor.'

"The Court: 'Well, I don't think you have made out a sufficient case in rem.'

"(Discussion not recorded.)

"The Court: 'Well, if you had shown that the proprietor was selling liquor out there, that would be different.'

"(Further discussion not recorded.)

"The Court: 'You couldn't convict anybody.'

"Counsel for state: 'We are only asking for an injunction so they won't do it any more, Your Honor.'

"The Court: 'I will deny the injunction.' "

The court denied the application for the permanent injunction and entered judgment for defendant. The appeal is from this ruling.

The court heard the testimony and had the opportunity to observe the witnesses. We have read the record and cannot say the judgment was wrong. The judgment is affirmed.